UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYON JONES, G35669,

Plaintiff,

v.

KELLY SANTORO, Warden,

Defendant(s).

Case No. 25-cv-09355-CRB  (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

(ECF Nos. 5 & 7)

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP) and frequent litigant in federal court, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that prison officials are trying to force plaintiff to "cell up" with other inmates, which would put plaintiff in danger "to be raped and killed." ECF No. 1 (Compl.) at 3. Plaintiff adds that inmates have "started making threats to plaintiff by saying that they are going to rape and drug plaintiff," id. at 4, and that prison officials have not taken any measures to protect plaintiff from harm or injury. Plaintiff only names the warden as a defendant without linking the warden or any other prison official in any way to plaintiff's allegations of wrongdoing. Plaintiff seeks damages and injunctive relief.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015).  But the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison only violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety.  Farmer, 511 U.S. at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  Id. at 837.

Plaintiff's broad allegations of failure to protect will be dismissed with leave to amend to set forth specific facts sufficient to state a viable Eighth Amendment deliberate indifference to safety claim, if possible.  Plaintiff must allege specific facts showing how every named prison official knew of an excessive risk to plaintiff's safety and disregarded that risk by failing to take reasonable steps to abate it.  Id.  Plaintiff also must link every named prison official with plaintiff's allegations of wrongdoing so as to show how each named prison official actually and proximately caused the deprivation of plaintiff's Eighth Amendment rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

A prison official can only be liable under § 1983 for his or her own misconduct.  See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  Under no circumstances can there be liability under § 1983 solely because a prison official is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

/

United States District Court
Northern District of California

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff's motions to amend (ECF Nos. 5 & 7) are dismissed as moot, and the clerk is instructed to terminate them.

**IT IS SO ORDERED**.

Dated:  February 3, 2026

_____

CHARLES R. BREYER
United States District Judge

3