UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYON JONES, G35669,

Plaintiff,

v.

KELLY SANTORO, Warden,

Defendant(s).

Case No. 25-cv-09355-CRB (PR)

**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a transgender prisoner at Salinas Valley State Prison (SVSP) and frequent litigant in federal court, filed a pro se complaint under 42 U.S.C. § 1983 alleging that prison officials are trying to force plaintiff to "cell up" with other inmates, which would put plaintiff in danger "to be raped and killed." ECF No. 1 (Compl.) at 3. Plaintiff added that inmates have "started making threats to plaintiff by saying that they are going to rape and drug plaintiff," id. at 4, and that prison officials have not taken any measures to protect plaintiff from harm or injury. Plaintiff only named the warden as a defendant and did not link the warden or any other prison official in any way to plaintiff's allegations of wrongdoing.

The court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend to set forth specific facts sufficient to state a viable Eighth Amendment deliberate indifference to safety claim, if possible. The court explained:

> The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015). But the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison only violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive

risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

Plaintiff's broad allegations of failure to protect will be dismissed with leave to amend to set forth specific facts sufficient to state a viable Eighth Amendment deliberate indifference to safety claim, if possible. Plaintiff must allege specific facts showing how every named prison official knew of an excessive risk to plaintiff's safety and disregarded that risk by failing to take reasonable steps to abate it. Id. Plaintiff also must link every named prison official with plaintiff's allegations of wrongdoing so as to show how each named prison official actually and proximately caused the deprivation of plaintiff's Eighth Amendment rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

A prison official can only be liable under § 1983 for his or her own misconduct. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Under no circumstances can there be liability under § 1983 solely because a prison official is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

ECF No. 8 (Feb. 3, 2026, Order) at 2.

Plaintiff has filed a First Amended Complaint (FAC) that essentially repeats the same broad and conclusory allegations of failure to protect in the original complaint.  Plaintiff does add that plaintiff spoke to Sgt. E. Aguirre "about what happen[ed]" and Aguirre "did not do anything when plaintiff was interviewed."  ECF No. 11 (FAC) at 4.  But plaintiff does not specify when plaintiff spoke to Aguirre or exactly what plaintiff spoke to Aguirre about to support a plausible claim that Aguirre knew of an excessive risk to plaintiff's safety and disregarded that risk by failing to take reasonable steps to abate it.  See Farmer, 511 U.S. at 837.  Nor does plaintiff name Aguirre as a defendant in the caption or parties' section of the FAC.  Plaintiff again only names the warden as a defendant without linking the warden in any way to plaintiff's allegations of wrongdoing.  Plaintiff will be provided with a final opportunity to set forth specific facts sufficient to state a viable Eight Amendment deliberate indifference to safety claim and to link named defendant(s) with plaintiff's allegations of wrongdoing.

For the foregoing reasons, the FAC is dismissed with leave to amend, as indicated above, within 28 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Failure to file a proper Second Amended Complaint (SAC) within the designated time will result in the dismissal of this action.

Plaintiff is advised that the SAC will supersede the FAC and the original complaint and all other pleadings.  Claims and defendants not included in the operative complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

Dated: June 3, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

3