United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYON JONES, G35669,

Plaintiff,

v.

KELLEY SANTORO, Warden, et al.,

Defendant(s).

Case No. 25-cv-09355-CRB (PR)

**ORDER OF SERVICE**

Plaintiff, a transgender prisoner at Salinas Valley State Prison (SVSP) and frequent litigant in federal court, filed a pro se complaint under 42 U.S.C. § 1983 alleging that prison officials are trying to force plaintiff to "cell up" with other inmates, which would put plaintiff in danger "to be raped and killed." ECF No. 1 (Compl.) at 3. Plaintiff added that inmates have "started making threats to plaintiff by saying that they are going to rape and drug plaintiff," id. at 4, and that prison officials have not taken any measures to protect plaintiff from harm or injury. But plaintiff only named the warden as a defendant and did not link the warden or any other prison official in any way to plaintiff's allegations of wrongdoing.

The court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend to set forth specific facts sufficient to state a viable Eighth Amendment deliberate indifference to safety claim, if possible. The court explained:

> The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015). But the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison only violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive

> risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.
>
> Plaintiff's broad allegations of failure to protect will be dismissed with leave to amend to set forth specific facts sufficient to state a viable Eighth Amendment deliberate indifference to safety claim, if possible. Plaintiff must allege specific facts showing how every named prison official knew of an excessive risk to plaintiff's safety and disregarded that risk by failing to take reasonable steps to abate it. Id. Plaintiff also must link every named prison official with plaintiff's allegations of wrongdoing so as to show how each named prison official actually and proximately caused the deprivation of plaintiff's Eighth Amendment rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
>
> A prison official can only be liable under § 1983 for his or her own misconduct. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Under no circumstances can there be liability under § 1983 solely because a prison official is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

ECF No. 8 (Feb. 3, 2026, Order) at 2.

Plaintiff filed a First Amended Complaint (FAC) that essentially repeated the same broad and conclusory allegations of failure to protect in the original complaint. Plaintiff added that plaintiff spoke to Sgt. Aguirre "about what happen[ed]" and Aguirre "did not do anything when plaintiff was interviewed." ECF No. 11 (FAC) at 4. But plaintiff did not specify when plaintiff spoke to Aguirre or exactly what plaintiff spoke to Aguirre about to support a plausible claim that Aguirre knew of an excessive risk to plaintiff's safety and disregarded that risk by failing to take reasonable steps to abate it. Nor did plaintiff name Aguirre as a defendant in the caption or parties' section of the FAC. Plaintiff again only named the warden as a defendant without linking the warden in any way to plaintiff's allegations of wrongdoing. The court again dismissed the operative complaint and provided plaintiff "a final opportunity to set forth specific facts sufficient to state a viable Eight Amendment deliberate indifference to safety claim and to link named defendant(s) with plaintiff's allegations of wrongdoing." ECF No. 15 (June 3, 2026, Order) at 2.

Plaintiff filed a Second Amended Complaint (SAC) alleging that on November 27, 2025, plaintiff told Sergeant Castro that another inmate asked plaintiff to "cell up with him" and "got mad" when plaintiff said no and "grab[bed] plaintiff in a bear hug and put his hands in plaintiff['s] pants and put his finger in plaintiff ['s] butt." ECF No. 16 (SAC) at 3. And when plaintiff asked to "talk to" Investigative Service Unit (ISU), Castro said no and "disregarded" the risk that plaintiff

United States District Court
Northern District of California

reported. Id. at 4. Liberally construed, plaintiff's allegations appear to state an arguably cognizable Eighth Amendment failure-to-protect claim against Castro, who along with Warden Kelley Santoro, plaintiff names as a defendant in the caption of the SAC. See Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations in pro se complaint sufficient to raise inference that named prison official knew plaintiff faced substantial risk of serious harm and disregarded risk by failing to take reasonable measures to abate it state servable failure-to-protect claim). But Warden Santoro is dismissed because plaintiff again fails to set forth any allegations linking Santoro in any way to plaintiff's allegations of wrongdoing.

For the foregoing reasons and for good cause shown,

1. The following defendant(s) shall be served:

   a. Sergeant Castro at SVSP.

All other defendants (i.e., Warden Kelley Santoro) are dismissed.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative SAC, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall file with the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon the filing of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not

waived service. The clerk also shall provide to USMS a copy of the CDCR Report of E-Service Waiver.

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56 and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is

United States District Court
Northern District of California

entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

d. Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court orders one later.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: October 29, 2026



CHARLES R. BREYER
United States District Judge